## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **ARIANA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil No. SAG-25-3150** |
| | * | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** *et al.***,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Ariana Haskins, who is self-represented, filed this lawsuit against Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("TransUnion," collectively, "Defendants"), seeking damages for alleged violations of the Fair Credit Reporting Act ("FCRA"). ECF 1. Trans Union filed a motion to dismiss Plaintiff's complaint for failure to state a claim. ECF 10. Plaintiff filed an opposition, ECF 12, and Trans Union filed a reply, ECF 17. Experian filed a motion to join Trans Union's motion, ECF 21, which has not been opposed. This Court has reviewed the briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Experian's motion to join Trans Union's motion will be GRANTED, Defendants' motion to dismiss will also be GRANTED, and Plaintiff's complaint will be dismissed without prejudice.

### I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's Complaint. ECF 1. Experian and Trans Union are consumer reporting agencies. *See* ECF 1 ¶¶ 11, 14, 15. In April and May of 2025, Plaintiff submitted written disputes to both Defendants "regarding multiple inaccurate tradelines,

including two bankruptcies, Self, Santander, LVNV Funding, Credit One, Credit Collection Services, and First National Bank." *Id.* ¶¶ 14, 15. Shortly thereafter, Experian notified Plaintiff that it had verified "most" of the disputed accounts, though it deleted the Credit One Bank tradeline. *Id.* ¶ 17. Trans Union told Plaintiff that it had verified all of the disputed accounts. *Id.* "Upon information and belief," both Defendants processed Plaintiff's disputes using the Automated Consumer Dispute Verification ("ACDV") system, not by reviewing account-level documentation as required. *Id.* ¶ 19. Plaintiff alleges that Defendants' conduct violated several different provisions of the FCRA.

## II.    LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d

2

93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.    ANALYSIS

Plaintiff's Complaint does not, at this point, contain sufficient factual information to state a plausible claim against either Defendant. Plaintiff provides only the names of some creditors that presumably appear on her credit reports, without specifying the transactions she is challenging or the inaccuracies she asserts. Inaccurate information is an essential element of Plaintiff's FCRA claims. *See, e.g.*, *Johnson v. Experian Info. Sols., Inc.*, 2015 WL 7769502, at *8 (D. Md. Nov. 17, 2015), *aff'd*, 670 F. App'x 778 (4th Cir. 2016); *Brooks v. Midland Credit Mgmt., Inc.*, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013); *Brown v. Experian Credit Reporting*, 2012 WL 6615005,

at *3 (D. Md. Dec. 17, 2012). Nevertheless, Plaintiff simply asserts the existence of "inaccuracies" with no further detail. That level of generality does not provide Defendants with "fair notice" of the nature of her claims and does not set forth enough factual matter to suggest a viable cause of action. She has not therefore provided the required "short and plain statement of the claim showing that the pleader is entitled to relief."

That said, Defendants' request that this case be dismissed with prejudice is unfounded. Particularly because Plaintiff is self-represented, she will be afforded a window in which she may seek leave to amend her complaint to add sufficient factual detail about the inaccuracies she asserts Defendants improperly verified.

Because Plaintiff, at present, has not stated any claim plausibly entitling her to relief, Defendants' Motion to Dismiss and Motion to Join, ECF 10 and 21, are granted and Plaintiff's claims are dismissed without prejudice. Administratively, this case will be closed, subject to reopening should Plaintiff file a motion seeking leave to amend her complaint within thirty days of this opinion. A separate Order follows.

Dated: December 19, 2025                              _____/s/_____

                                                      Stephanie A. Gallagher
                                                      United States District Judge